[Civ. No. 18532.  Second Dist., Div. One.  Jan. 7, 1952.]

H. C. OWENS, Respondent, v. BERT F. McMANUS, Appellant.

Joseph J. Weissman for Appellant.

Alfred R. Meyers for Respondent.

DORAN, J.—The judgment of which appellant complains was in the amount of $7,085.89 which included an award of $500 punitive damages for wrongful attachment. Appellant, a collection agency, as the assignee of a Mrs. Marion Winner, filed an action in municipal court and in connection therewith secured a writ of attachment, and caused a keeper to be placed in possession of respondent's gasoline station. Respondent's personal property on said premises was placed

in storage by the marshal on October 25, 1948, and on November 3, 1948, was restored to respondent upon the posting of a cash bond. On January 12, 1949, the municipal court rendered judgment in favor of respondent and against the appellant.

It is appellant's contention that the trial court erred in denying a motion for nonsuit; that the evidence failed to establish either malice or want of probable cause but showed that the action was instituted and the attachment levied by appellant in the regular course of business, upon the advice of an attorney. Appellant further argues that the trial court failed "to draw the distinction between an action for wrongful attachment against the sureties . . . , and an action for wrongful attachment maintained solely against the attachment plaintiff."

The record discloses evidence that the original claim on which appellant collection agency, as assignee, instituted the municipal court action, consisted of two parts, one of $341 for the purchase of a piano on a conditional sale contract; the other of $50 for refinishing a piano. Appellant and the assignor "were to split fifty-fifty any money recovered on the claim, and the Appellant was to pay all of the Court costs involved." Respondent testified that in September, 1948, a collection agency telephoned concerning the claim, that respondent denied owing the money or having the piano; that nothing more was heard about the matter until October 19, 1948, when two uniformed officers and a plain-clothes marshal took possession of the gas station under the writ of attachment.

The trial court found that appellant caused the attachment to issue maliciously and without probable cause; that as a result of the levy and removal of equipment, respondent found it "impossible . . . to continue in the operation of said business," and was "compelled to enter into a mutual cancellation of the lease"; further, that respondent had been earning a net profit of $600 per month, and that the cancelled lease had approximately seven years yet to run at the time of cancellation, all of which resulted in a loss to respondent of $6,585.89.

On the issue of malice and want of probable cause, appellant relies on a showing that previous to instituting the action, a usual nightly conference took place between appellant and two attorneys regularly retained in handling the collection business; that after reviewing the file appellant was advised that a good cause of action existed. Full disclosure to appel-

lant's attorneys is claimed, but in respect to this matter, the trial court referring to the testimony of Attorney Cooper, said: "Mr. Cooper tried awfully hard, but was not very convincing. His testimony was completely inconsistent."

Respondent calls attention to the fact that the record fails to show any investigation by appellant as to the truth of the claim after the respondent had denied owing the money; that with the exception of testimony of "considerable conversation concerning all of the items of this particular claim," the record "is completely sterile" as to "what disclosure, if any, had been made to the attorney, or on what the attorney based his advice."

The appellant apparently seeks to remove the issues in the instant case from the realm of questions of fact to that of absolute law, and to procure an appellate pronouncement that under the facts there was no fault on the part of the appellant in levying the writ of attachment. However, from the evidence disclosed by the record, substantial support is found for the trial court's determination to the contrary. The issues of malice and want of probable cause, under the circumstances of the case, were issues of fact on which the contending parties offered divergent theories and conflicting evidence.

As pointed out in respondent's brief, there was evidence which, if believed, would indicate that appellant collection agency made "no attempt to ascertain the truth of respondent's denials of the claim," but proceeded to "the irresponsible closing of a place of business," and "impatient with one who resists their demands, sought to coerce him into either payment or settlement of an obligation which he did not owe." That respondent sustained serious damage from appellant's acts cannot well be doubted.

It is conceded in appellant's brief that "lack of probable cause supports an inference of malice." As hereinbefore mentioned, whether probable cause existed, or whether there was a lack of such cause, is a question of fact involving credibility of witnesses and weight of evidence. These were matters which the trial court hearing and observing the witnesses, was better able to determine than an appellate tribunal which of necessity must depend entirely upon the printed record. And from this and other reasons stem the well established rule that where the record discloses substantial evidence in support of the trial court's findings, the appellate court will not attempt to weigh the evidence.

What has been said relates particularly to appellant's argument that there should be a reversal because of the fact that appellant had sought the advice of an attorney before instituting the action. Here, much of the evidence was equivocal. At most, it indicated that prior to commencement of the action, there was a routine conference between appellant and attorneys who were associated with the appellant collection agency, at which it was determined to attach respondent's place of business. Whether the evidence in relation thereto showed good faith, a full disclosure, etc., necessarily had to be determined by the trier of facts. The findings of the trial court recite that "the defendant, BERT F. McMANUS, caused an attachment to issue in the said action maliciously and without probable cause." There is evidence in the record to support this finding.

Appellant's contention that the trial court failed to "draw the distinction between an action for damages for wrongful attachment against the sureties . . . , and an action for wrongful attachment maintained solely against the attachment plaintiff," is not borne out by the record. On the contrary, it appears that the trial court was entirely cognizant of the nature of the action, and that the damages awarded were not excessive. The attachment resulted in a complete cessation of respondent's gas station business, together with the cancellation of a valuable lease and loss of profits.

No reversible error has been pointed out. Under the evidence disclosed by the record, the overruling of appellant's motion for a nonsuit cannot be deemed error, and there is substantial evidence in support of the findings and judgment.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 28, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1952.